UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC R. ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>L. A. CALVENDRA, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-01680-NODJ-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO STATE A CLAIM**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Cedric Raynard Allen is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

//

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

1  section 1983, a plaintiff must show a causal connection or link between the actions of the
2  defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,
3  423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the
4  deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative
5  act, participates in another's affirmative acts, or omits to perform an act which he is legal required
6  to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,
7  743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other*

1  *grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

2  To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

#### A. Plaintiff's Complaint

Plaintiff filed his complaint on December 4, 2023. (Doc. 1.) He names L.A. Calvendra, L.V.N., Correctional Officer V. Bustos, and Correctional Lieutenants S. Tumacder and C.D. Brown, who are employed at Corcoran State Prison, as defendants in this action. (*Id.* at 1-2.) Plaintiff attaches several exhibits to his complaint. (*Id.* at 10-50.) He seeks compensatory and punitive damages totaling $13,000,000, 150 days' credit restoration, dismissal of a 2017 rules violation report, and costs of suit. (*Id.* at 8.)

#### B. The Applicable Statute of Limitations Bars Plaintiff's Claims

Following review of Plaintiff's complaint and for the reasons discussed below, the Court finds Plaintiff's claims to be barred by the applicable statute of limitations.

California's two-year statute of limitations for personal injury actions applies to section 1983 claims brought in this state. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Code Civ. Proc. § 335.1. The court also must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419-20 (9th Cir. 1986). California Civil Procedure Code section 352.1(a) tolls the statute of limitation when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." The tolling is not indefinite, and section 352.1(a) delays the accrual for a maximum of two years. *See id.* Thus, if Plaintiff is an inmate

entitled to tolling under section 352.1(a) (which the Court assumes without deciding), he has four years to bring a section 1983 claim in California, i.e., the regular two-year period plus two years during which accrual was postponed due to the disability of imprisonment.

Federal law determines when Plaintiff's section 1983 claim accrued. *See Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

"A claim can be dismissed for failure to state a valid claim when a violation of the limitations period is evident from the face of the complaint." *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); accord *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

Plaintiff knew or should have known of his actual injury—false allegations of assaulting staff during a medical examination of his shoulder and related disciplinary proceedings in retaliation for having filed a previous lawsuit against Corcoran State Prison officers—on November 5, 2017, when the disciplinary hearing occurred and Plaintiff learned of his loss of 150 days of credit. (*See* Doc. 1 at 21-32.) Thus, Plaintiff's deadline to file a claim was November 8, 2021. He did not file his complaint until December 4, 2023—more than two years after the statute of limitation expired. Even using February 21, 2018—the date of the Classification Committee Chrono concerning Plaintiff's placement in the administrative segregation unit arising from July 31, 2017, incident (*see* Doc. 1 at 33)—does not save Plaintiff's claims. Using that date, Plaintiff's deadline to file a claim was February 21, 2022, making Plaintiff's December 4, 2023, complaint more than one year and nine months late. Even if the Court were to use the date that Plaintiff's grievance concerning the rules violation report alleging a staff assault was denied at the third level—August 9, 2018 (*see* Doc. 1 at 17)—Plaintiff's complaint was still filed more than one year

and three months after the statute of limitations expired (8/9/2018 + 4 years = 8/9/22). Thus, Plaintiff's claims are time-barred by the statute of limitations. *See, e.g., McNeal v. Fleming*, No. 2:21-cv-02137-JDP (PC), 2022 WL 16838122, at *1 (E.D. Cal. Oct. 4, 2022) (finding the statute of limitations barred plaintiff's excessive force claims and recommending dismissal without leave to amend), findings and recommendations adopted, 2022 WL 16836539 (E.D. Cal. Nov. 9, 2022); *Van Batten v. Fresno Superior Court*, No. 1:21-cv-00693-NONE-EPG (PS), 2021 WL 2682230, at *1 (E.D. June 30, 2021) (dismissing § 1983 action with prejudice following finding plaintiff's claims were time-barred by the applicable statute of limitations).

In sum, a review of Plaintiff's complaint and accompanying exhibits reveals that his claims are barred by the applicable statute of limitations. *Marks*, 785 F.2d at 1419-20; *Cervantes* 5 F.3d at 1276; *Kimes*, 84 F.3d at 1128; *Lukovsky*, 535 F.3d at, 1049. Despite finding Plaintiff's claims to be untimely, this Court will consider Plaintiff's claims.

### C. Claim One

In his first claim for relief, Plaintiff contends his Eighth and Fourteenth Amendment rights were violated and identifies the issues involved as "Disciplinary proceedings," "Medical care," and "Retaliation." (Doc. 1 at 3.)

#### a. The Factual Allegations

Plaintiff contends his claims stem from an earlier civil rights action he filed in this Court alleging claim of excessive force against correctional officers at Corcoran State Prison. That action was entitled *Allen v. Rivera, et al*, case number 1:05-cv-00146 AWI SAB ("*Rivera* action").[1]  (Doc. 1 at 4.) On July 28, 2017, Plaintiff was transferred from Centinela State Prison to Corcoran State Prison where many of the same staff members named as defendants in the *Rivera* action still worked. (*Id.*)

Plaintiff contends that on July 31, 2017, at about 6:30 a.m., he went to the clinic and advised Defendant Calvendra that he had a seizure two days earlier and believed his right shoulder may have been dislocated. (*Id.*) When Calvendra began an examination of his right

---

[1] That action was tried in November 2013 and, although not mentioned by Plaintiff, judgment was entered for defendants. Retrial was denied on January 27, 2014.

1  shoulder "in a rough and jerking manner," Plaintiff responded to the pain caused by the
2  examination "by lightly pushing [Calvendra's] hand off of" Plaintiff's right arm and stated "'Hey
3  man, that hurts.'" (*Id*.) Calvendra pointed at Plaintiff and asked him to return to his cell, wait for
4  the head nurse to arrive, and return when called. (*Id*.) Plaintiff alleges he walked out, saw
5  Defendant Brown, and explained his dislocated shoulder and need for emergency medical
6  treatment. (*Id*.) Brown went inside the clinic, spoke with the nurses, and returned to advise
7  Plaintiff he would be called back to the clinic once the head nurse arrived. (*Id*.) Plaintiff contends
8  that six hours later, he was escorted from his cell in handcuffs to a holding cage and given a
9  "lock-up order for assault" on Calvendra. (*Id*.)

10  Plaintiff alleges it is "doubtful" that he would be housed in the "very same housing in
11  SHU" where the *Rivera* action originated and "it would be coincident." (Doc. 1 at 4.) He states it
12  is his "conjecture that the defendants who still worked in that facility … where the false charges
13  began, conspired to manipulate L. Calvendra to fabricate battery on staff allegations in order to
14  retaliate for civil litigation against them in 2013." (*Id*.) Plaintiff contends Calvendra "never got
15  punched or assaulted in any way." (*Id*.) He states that had Calvendra "been punched with a closed
16  fist the officer present would have responded." (*Id*.) Had an assault occurred, Plaintiff alleges he
17  would not have been advised by Brown to return to his cell pending the head nurse's arrival. (*Id*.)

18  Plaintiff contends that on July 31, 2017, Defendant Calvendra was quoted by Officer A.
19  Pommerich as stating "'he couldn't treat Inmate Allen because of his aggressive attitude. I
20  immediately escorted Inmate Allen out of the clinic and had him return home until the registered
21  nurse was on duty and was able to see him." (Doc. 1 at 5.) Plaintiff contends the "CDC 115 for
22  battery on a non-prisoner is false" and that Pommerich's report does not state Plaintiff struck
23  Calvendra. (*Id*.) Plaintiff also contends Calvendra's testimony at the disciplinary hearing was
24  false and that Defendant Brown's testimony was contradictory and fabricated. (*Id*.) Plaintiff
25  asserts the medical report of injury performed on Defendant Calvendra "indicates no injuries" and
26  that Calvendra "complained only about pain to left forearm," another fabrication. (*Id*.) Plaintiff
27  asserts that "real assaults on staff or nurses in prison are acted upon swiftly and aggressively with
28  alarm activations, and placement in a holding cell right then and there." (*Id*.) Had a true assault

7

occurred, Defendants Calvendra and Brown would not have politely asked him to return to his cell and wait for a nurse to arrive. (*Id.*) Plaintiff contends "the mere fact that it [took] staff until 11:25 a.m. to act on an alleged battery on LVN Calvendra is grounds enough for dismissal of all charges because five hours is [an] excessive amount of time to charge anyone of anything." (*Id.*)

### b. Applicable Legal Standards

#### Retaliation

Prisoners have a First Amendment right to file prison grievances and retaliation against prisoners for exercising this right is a constitutional violation. *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005). A claim for First Amendment retaliation in the prison context requires: (1) that a state actor took some adverse action against the plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68). To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. *See McCollum v. CDCR*, 647 F.3d 870, 882–83 (9th Cir. 2011); accord, *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. *McCollum*, 647 F.3d at 882.

#### Due Process: Disciplinary Hearing

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563-71. Confrontation and cross examination are not generally required. *Id*. at 567. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985); *see also Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996); *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board ...." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Toussaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991). The relevant inquiry is whether

9

1  "there is any evidence in the record that could support the conclusion reached ….as [t]he Federal
2  Constitution does not require evidence that logically precludes any conclusion but the one
3  reached by the disciplinary board." *Hill,* at 455-57.

### c. Analysis

As an initial matter, the Court notes that Plaintiff fails to allege any claims against named Defendants Bustos and Tumacder and his factual allegations make no mention of either Bustos or Tumacder. These individuals are referenced only in the caption and in section "B. DEFENDANTS" of the form complaint.

Liberally construing the complaint, Plaintiff fails to plausibly allege a retaliation claim against Defendants Calvendra and Brown. While Plaintiff alleges they took some adverse action against him because he filed a lawsuit against other Corcoran State Prison employees years earlier, Plaintiff fails to state any facts indicating those actions chilled his First Amendment rights. Indeed, the exhibits attached to the complaint establish Plaintiff's relevant grievance was considered and ultimately denied at the highest level. Moreover, Plaintiff's allegation that a previously filed lawsuit involving Corcoran State Prison employees that went to trial in 2013 led to retaliatory conduct by other employees in 2017, is nothing more than speculation. *Iqbal*, 556 U.S. at 678; *Neitzke*, 490 U.S. at 330 n.9. Plaintiff's own words support the Court's finding. (*See* Doc. 1 at 4 ["It is the petitioner's conjecture that…"].)

Further, and liberally construing the complaint, Plaintiff fails to allege a violation of his due process rights concerning the disciplinary proceeding. Plaintiff has not alleged he was denied any of the minimum procedural requirements required by *Wolff. See Walker*, 14 F.3d at 1420. Moreover, as demonstrated in an exhibit attached to Plaintiff's complaint, there was evidence in the record to support the conclusion reached by the disciplinary board. *Hill,* at 455-57.

In sum, Plaintiff fails to state a cognizable retaliation or due process claim against any named Defendant.

### D. Claims Two and Three

In his second claim for relief, Plaintiff contends his Eighth and Fourteenth Amendment rights were violated and identifies the issue involved as "Medical care." (Doc. 1 at 6.) Plaintiff

10

1  titles his third claim for relief as "Improper Medical Care. Prison Officials violated the Eighth
2  Amendment by acting 'Deliberately Indifferent' to a right broken shoulder." (*Id*. at 7.) The Court
3  jointly addresses claims two and three.

### a. The Factual Allegations

Plaintiff contends that on July 31, 2017, at about 6:30 a.m., he went to the clinic and advised Defendant Calvendra that his right shoulder was dislocated and he "needed emergency medical treatment." (Doc. 1 at 6.) During a brief examination, Defendant Calvendra "began to roughly pull, snatch and jerk on Plaintiff's right arm." (*Id*.) Plaintiff alleges this created an uncontrollable, physical reaction to the excruciating pain. (*Id*.) Plaintiff states he pushed Calvendra's hands, loudly stating, "'Hey man, that hurts.'" (*Id*.) Calvendra discontinued the examination and requested that Plaintiff return to his cell to await the head nurse. (*Id*.) As Plaintiff exited the clinic, he sought assistance from Defendant Brown. (*Id*.) Brown went inside the clinic and was advised by Calvendra that Plaintiff's "medical emergency was noted" and that Plaintiff should return to his cell to await the head nurse. (*Id*.) Plaintiff contends he returned to his cell and "sat for hours in pain waiting to be summoned back to the clinic so as to be taken to the outside hospital for surgery." (*Id*.) He asserts he waited six hours before being escorted to a holding cage, then to the administrative segregation unit "for assault." (*Id*.)

Plaintiff also contends Defendants Calvendra and Brown acted with deliberate indifference to his "very serious medical needs by first using excessive force during the physical examination …by snatching, jerking, and pulling on Plaintiff's already injured right shoulder." (Doc. 1 at 7.) He contends Defendants added "insult to injury by not providing medical treatment until a week later." (*Id*.) Plaintiff asserts their "state of mind was wantonness." (*Id*.) Plaintiff alleges Defendants violated the Fourth Amendment by placing him in administrative segregation and falsely charging him with a staff assault, not allowing "a fair and impartial disciplinary hearing, and taking good time credit which strongly impacts Plaintiff's release." (*Id*.) Plaintiff contends he was in terrible pain for a week until taken to an outside hospital for emergency shoulder on his dislocated shoulder. (Doc. 1 at 7.)

11

**b. Applicable Legal Standards**

<u>Deliberate Indifference to Serious Medical Needs</u>

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain.""" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain").

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Deliberate indifference is shown where a prison official "knows that inmates face a

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

<u>Due Process: Housing & Classification</u>

An inmate has no constitutional right to enjoy a particular security classification or housing. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's transfer decisions); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (classification). Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. *See Meachum*, 427 U.S. at 224–25 (no liberty interest in placement in particular facility); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (no Due Process right to be housed in certain barrack or housing unit, or with certain inmates); *Bjorlin v. Hubbard*, No. CIV S–09–1793 2010 WL 457685, *1 (E.D. Cal. Feb. 4, 2010) (housing and classification decisions do not give rise to

federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fourteenth Amendment). And prisoners have no federal due process right to a particular classification score. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987), citing *Moody v. Daggett*, 429 U.S. 78 (1976).

### c. Analysis

As noted in the analysis for claim one, Plaintiff fails to allege any cognizable claims against named Defendants Bustos and Tumacder in claim two or three. While Bustos or Tumacder appear in the caption and are named as defendants in the form complaint, Plaintiff asserts no facts regarding those Defendants.

<u>Deliberate Indifference to Serious Medical Needs</u>

Liberally construing the complaint, Plaintiff meets the first prong of the deliberate indifference test by alleging he was suffering from a dislocated right shoulder. *Colwell*, 763 F.3d at 1066. Plaintiff does not meet the second prong of the test. He fails to assert facts indicating Defendants Calvendra and Brown were aware Plaintiff faced a substantial risk of serious harm and that they drew that inference. *Toguchi*, 391 F.3d at 1057. Plaintiff's factual allegations reveal that although he advised Calvendra that he believed his right shoulder was dislocated, Calvendra did not complete an examination and instead told him he would need to be seen by the "head nurse" once that individual arrived. Plaintiff alleges that Brown repeated that information to Plaintiff after consulting Calvendra. Those facts fail to establish awareness of a substantial risk of serious harm and a state of mind more blameworthy than negligence or more than an ordinary lack of due care. *Farmer*, 511 U.S. at 835.

The facts alleged indicate Defendant Calvendra, a licensed vocational nurse, intended that Plaintiff be seen by a registered nurse who had not yet arrived for work. Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). These facts do not suggest Calvendra and/or Brown were denying Plaintiff medical treatment or purposefully delaying medical treatment; at most, the facts allege mere indifference rather than deliberate indifference. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) ("[m]ere

'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action") (citing *Estelle*, 429 U.S. at 105-06). Plaintiff also fails to establish that their actions harmed him because based on the allegations, Plaintiff's injury remained unchanged after his interactions with Calvendra and Brown. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (delays in medical treatment do not constitute deliberate indifference in violation of the Eighth Amendment unless the delay led to further injury); *see also Reyes v. Brown*, No. 16-CV-84 JLS (BLM), 2018 WL 1905459, at *6 (S.D. Cal. Apr. 23, 2018) (allegations of delay between prisoner's initial treatment, follow-up, and surgical referral insufficient to support Eighth Amendment violation).

Due Process: Housing and Classification

Even liberally construing the complaint, because Plaintiff has no right to a particular classification or housing, he also fails to state a due process claim against any named Defendant on this basis. *Meachum*, 427 U.S. at 224-25; *Hernandez*, 833 F.2d at 1318. And Plaintiff is advised the creation of false evidence, standing alone, is not actionable under section 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983"). Moreover, a "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment). Thus, Plaintiff's assertions that prison officials issued a false or fabricated report following the July 31, 2017, incident does not amount to an Eighth Amendment violation.

### E. Summary of Findings

In sum, Plaintiff's claims are barred by the applicable statute of limitations and this Court

finds granting Plaintiff leave to amend would be futile for that reason.[2] *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile"), accord *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely"). Moreover, Plaintiff fails to state a claim upon which relief can be granted against any named Defendant.

### IV. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 5, 2024**     /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned notes that should the assigned district judge determine Plaintiff's claims are not barred by the statute of limitations, Plaintiff should be afforded an opportunity to file an amended complaint, curing the deficiencies identified herein, to the extent he can do so in good faith.

16